# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ENVIRONMENTAL LAW & POLICY
CENTER and NATIONAL WILDLIFE
FEDERATION

              Plaintiffs,

     v.

UNITED STATES COAST GUARD,
REAR ADMIRAL JOANNA M.
NUNAN, in her official capacity as the
Ninth Coast Guard District Commander

           Defendants.

Case No. 1:18-cv-12626-TLL-PTM

Judge Thomas L. Ludington

Magistrate Judge Morris

**PROPOSED INTERVENOR-DEFENDANT
ENBRIDGE ENERGY, LIMITED PARTNERSHIP'S
PROPOSED ANSWER TO PLAINTIFFS'
COMPLAINT FOR DECLARATORY RELIEF**

Proposed Intervenor-Defendant, Enbridge Energy, Limited Partnership ("Enbridge"), by and through its attorneys, hereby files this Proposed Answer to the Complaint for Declaratory Relief [Doc. 1] filed by Plaintiffs, the Environmental Law & Policy Center and the National Wildlife Federation.[1]  Any allegations not expressly admitted below are denied.  Enbridge also reserves the right to amend or supplement this Answer, including its defenses.

## INTRODUCTION

1.      The allegations in Paragraph 1 set forth Plaintiffs' characterization of the Oil Pollution Act of 1990 ("OPA") and also purport to describe the reasons for Congressional action.  OPA and the legislative history for that statute speak for themselves and are the best evidence of their content.  To the extent the Plaintiffs' allegations are inconsistent with OPA or the legislative history for that statute, the allegations are denied.

---

[1] Enbridge filed a motion to intervene in this case on October 15, 2018 [Doc. 12], which remains pending.  Enbridge requested in that motion that the Court set a deadline by which Enbridge should file its own answer.  At the time that Enbridge filed its motion, the Federal Defendants had not yet filed their answer to Plaintiffs' Complaint.  Because the Federal Defendants have since filed their answer, Enbridge now submits this proposed answer in conjunction with its pending motion.

2.      The allegations in Paragraph 2 purport to paraphrase and quote OPA, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with OPA, the allegations are denied.

3.      Enbridge admits the allegations of Paragraph 3.

4.      The allegations in Paragraph 4 purport to quote a statement by Coast Guard Commandant Adm. Paul Zukunft before the U.S. Senate Commerce, Science and Transportation Committee.  The statement speaks for itself and requires neither admission nor denial.  To the extent the allegations in Paragraph 4 require a response, Enbridge lacks sufficient information or knowledge to form a belief as to their truth.

5.      Enbridge admits that Enbridge Energy Partners L.P. is a subsidiary of Enbridge Inc. and that Enbridge is the owner and operator of a pipeline that transports crude oil known as "Line 5," which for the duration of its crossing of the Straits of Mackinac ("Straits") is split into two "Dual Pipelines."

6.      Enbridge admits that it is the owner and operator of the pipeline known as "Line 6B" and that that pipeline ruptured in 2010 in Marshall, Michigan near the Kalamazoo River.  Enbridge lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 6.  Enbridge further states that releases on Enbridge-owned or operated pipelines are a matter of

public record.  To the extent that the allegations contained in Paragraph 6 are inconsistent with the public record, Enbridge denies those allegations.

7.    Enbridge admits that Line 5 was constructed in 1953.

8.    The allegations contained in Paragraph 8 set forth legal conclusions to which no response is required.  To the extent a response is required, Enbridge denies those allegations.

9.    The allegations contained in Paragraph 9 set forth legal conclusions to which no response is required.  To the extent a response is required, Enbridge denies those allegations.

10.    The allegations contained in Paragraph 10 set forth legal conclusions to which no response is required.  To the extent a response is required, Enbridge denies those allegations.

11.    The allegations contained in Paragraph 11 set forth legal conclusions to which no response is required.  To the extent a response is required, Enbridge denies those allegations.

12.    The allegations contained in Paragraph 12 set forth legal conclusions to which no response is required.  To the extent a response is required, Enbridge denies those allegations.

13.     The allegations contained in Paragraph 13 constitute Plaintiffs'
characterization of their case and set forth legal conclusions to which no response
is required.  To the extent a response is required, Enbridge denies those allegations.

14.     The allegations contained in Paragraph 14 constitute Plaintiffs'
characterization of their case and set forth legal conclusions to which no response
is required.  To the extent a response is required, Enbridge denies those allegations.

## JURISDICTION AND VENUE

15.     The allegations in Paragraph 15 state legal conclusions to which no
response is required.  To the extent a response is required, the allegations are
denied.

16.     The allegations contained in Paragraph 16 constitute Plaintiffs'
characterization of their case and/or set forth legal conclusions to which no
response is required.  To the extent a response is required, Enbridge denies those
allegations.

17.     The allegations in Paragraph 17 state legal conclusions to which no
response is required.  To the extent a response is required, the allegations are
denied.

18.     The allegations in Paragraph 18 state legal conclusions to which no
response is required.  To the extent a response is required, the allegations are
denied.

19.    The allegations contained in Paragraph 19 constitute Plaintiffs' characterization of their case and/or set forth legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 19 do not set forth legal conclusions, Enbridge lacks sufficient information or knowledge to form a belief as to their truth, except that Enbridge admits that the USCG has an office at 145 Water Street, Alpena, Michigan.  To the extent a response is required, Enbridge denies those allegations.

## PARTIES

20.    Enbridge lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 20.  To the extent a response is required, Enbridge denies those allegations.

21.    Enbridge lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 21.  To the extent a response is required, Enbridge denies those allegations.

22.    Enbridge admits that the USCG is a federal agency that has responsibility for oil spill prevention in United States waters.  The allegations in Paragraph 22 otherwise purport to set forth Plaintiffs' characterization of the responsibilities of the USCG under the cited statute, regulation, and Executive Order, which speak for themselves and are the best evidence of their content.  To

the extent the Plaintiffs' allegations are inconsistent with OPA, the cited statute or regulation, and Executive Order, the allegations are denied.

23.     Enbridge admits the allegations in the first sentence of Paragraph 23. The allegations contained in the second sentence of Paragraph 23 set forth legal conclusions to which no response is required.  To the extent the allegations in the second sentence of Paragraph 23 require a response, Enbridge lacks sufficient information or knowledge to form a belief as to their truth.

## STANDING

24.     The allegations contained in Paragraph 24 set forth legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 24 do not set forth legal conclusions, Enbridge lacks sufficient information or knowledge to form a belief as to their truth.  To the extent a response is required, Enbridge denies those allegations.

25.     The allegations contained in Paragraph 25 set forth legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 25 do not set forth legal conclusions, Enbridge lacks sufficient information or knowledge to form a belief as to their truth.  To the extent a response is required, Enbridge denies those allegations.

26.     The allegations contained in Paragraph 26 constitute Plaintiffs' characterization of their case and/or set forth legal conclusions to which no

response is required.  To the extent a response is required, Enbridge denies those allegations.

27.     The allegations contained in Paragraph 27 constitute Plaintiffs' characterization of their case and/or set forth legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 27 do not set forth legal conclusions, Enbridge lacks sufficient information or knowledge to form a belief as to their truth.  To the extent a response is required, Enbridge denies those allegations.

28.     The allegations contained in Paragraph 27 purport to summarize a 2018 analysis conducted by Michigan State University, which speaks for itself and is the best evidence of its content.  To the extent a response is required, Enbridge denies those allegations.

29.     The allegations contained in Paragraph 29 constitute Plaintiffs' characterization of their case and/or set forth legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 29 do not set forth legal conclusions, Enbridge lacks sufficient information or knowledge to form a belief as to their truth.  To the extent a response is required, Enbridge denies those allegations.

30.     The allegations contained in Paragraph 30 set forth legal conclusions to which no response is required.  To the extent a response is required, Enbridge denies those allegations.

31.     Enbridge denies the allegations in the first sentence of Paragraph 31. Enbridge admits that a breach in a pipeline operating in the Straits of Mackinac could cause a discharge into at least one of the Great Lakes, but denies the remaining allegations of Paragraph 31.

32.     The allegations contained in Paragraph 32 set forth legal conclusions to which no response is required.  To the extent a response is required, Enbridge denies those allegations.

33.     The allegations contained in Paragraph 33 set forth legal conclusions to which no response is required.  To the extent a response is required, Enbridge denies those allegations.

34.     The allegations in Paragraph 34 purport to summarize a federal statute, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the cited statute, the allegations are denied.

35.     The allegations contained in Paragraph 35 set forth legal conclusions to which no response is required.  To the extent a response is required, Enbridge denies those allegations.

36.    The allegations in Paragraph 36 purport to quote a federal statute and regulation, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the cited statute or regulation, the allegations are denied.

37.    The allegations in Paragraph 37 purport to summarize and/or quote a federal regulation, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited regulation, the allegations are denied.

38.    The allegations contained in Paragraph 38 set forth legal conclusions to which no response is required.  To the extent a response is required, Enbridge denies those allegations.

39.    The allegations in Paragraph 39 purport to summarize a federal statute, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the cited statute, the allegations are denied.

40.    The allegations contained in Paragraph 40 set forth legal conclusions to which no response is required.  To the extent a response is required, Enbridge denies those allegations.

41.    The allegations in Paragraph 41 set forth the relief requested by Plaintiffs and/or legal conclusions to which no response is required.  To the extent a response is required, Enbridge denies those allegations.

42.     The allegations contained in Paragraph 42 set forth legal conclusions to which no response is required.  To the extent a response is required, Enbridge denies those allegations.

43.     The allegations contained in Paragraph 43 set forth legal conclusions to which no response is required.  To the extent a response is required, Enbridge denies those allegations.

## APPLICABLE LAW

### The Administrative Procedure Act

44.     The allegations in Paragraph 44 purport to summarize and/or quote the Administrative Procedure Act, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the Administrative Procedure Act, the allegations are denied.

### The Clean Water Act and OPA

45.     The allegations in Paragraph 45 purport to quote the Clean Water Act, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the cited statute, the allegations are denied.

46.     Enbridge admits the allegations in Paragraph 46.

47.     The allegations in Paragraph 47 purport to describe the reasons for Congressional action, which requires neither admission nor denial.  To the extent

the allegations in Paragraph 47 require a response, Enbridge lacks sufficient information or knowledge to form a belief as to their truth.

48.     The allegations in Paragraph 48 purport to characterize OPA, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with OPA, the allegations are denied.

49.     The allegations in Paragraph 49 purport to summarize requirements under the cited federal statute, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the cited statute, the allegations are denied.

50.     The allegations contained in Paragraph 50 constitute Plaintiffs' characterization of their case and/or set forth legal conclusions to which no response is required.  To the extent that the allegations in Paragraph 50 do not set forth legal conclusions, Enbridge lacks sufficient information or knowledge to form a belief as to their truth.  To the extent a response is required, Enbridge denies those allegations.

51.     The allegations in Paragraph 51 purport to set forth Plaintiffs' characterization of the cited statute and Executive Order, which speak for themselves and are the best evidence of their content.  To the extent the Plaintiffs' allegations are inconsistent with the cited statute and Executive Order, the allegations are denied.

11

52.     The allegations in Paragraph 52 purport to paraphrase the cited federal statute, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the cited statute, the allegations are denied.

53.     The allegations in Paragraph 53 purport to quote the cited federal statute, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the cited regulation, the allegations are denied.

54.     The allegations in Paragraph 54 purport to paraphrase and quote the cited federal statute, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited statute, the allegations are denied.

55.     The allegations in Paragraph 55 purport to quote the cited federal statute, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the cited statute, the allegations are denied.

56.     The allegations in Paragraph 56 purport to paraphrase and quote the cited federal statute, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited statute, the allegations are denied.

57.     The allegations in Paragraph 57 purport to paraphrase and quote the cited federal statute, which speaks for itself and is the best evidence of its content.

To the extent the allegations are inconsistent with the cited statute, the allegations are denied.

58.     The allegations in Paragraph 58 purport to paraphrase the cited federal regulation, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the cited statute, the allegations are denied.

59.     The allegations in the first sentence of Paragraph 59 state legal conclusions to which no response is required; to the extent a response is required, the allegations in the first sentence are denied.  The remaining allegations in Paragraph 59 purport to paraphrase and quote the cited federal statute and regulation, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the cited statute, the allegations are denied.

60.     The allegations in Paragraph 60 purport to paraphrase the cited federal regulation, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the cited statute, the allegations are denied.

# FACTUAL BACKGROUND

## *Spill Response in the Straits*

61.    Enbridge lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 61.  To the extent a response is required, Enbridge denies those allegations.

62.    The allegations in Paragraph 62 purport to paraphrase the cited federal regulation, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the cited regulation, the allegations are denied.

63.    Enbridge admits that the Straits is a body of water that connects Lake Michigan and Lake Huron.

64.    Enbridge admits that Lake Huron and Lake Michigan are two of the Great Lakes.  The remaining allegations in Paragraph 64 purport to paraphrase and quote the cited federal statute, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the cited statute, the allegations are denied.

65.    Enbridge admits that it owns and operates Line 5, which is a 645-mile onshore pipeline.  Enbridge denies the remaining allegations contained in Paragraph 65.

66.     Enbridge admits that, for the duration of its approximate 4.09-mile crossing of the Straits, Line 5 is split into two pipelines, commonly referred to as the Line 5 "Dual Pipelines."  Enbridge also admits that Line 5 transports crude oil and other products.  Enbridge denies any remaining allegations in Paragraph 66.

67.     Enbridge admits the allegations of Paragraph 67.

68.     Enbridge admits that it is the owner and operator of the pipeline known as "Line 6B."  Enbridge lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 68.  Enbridge further states that releases on Enbridge-owned or operated pipelines are a matter of public record.  To the extent that the allegations contained in Paragraph 68 are inconsistent with the public record, Enbridge denies those allegations.

69.     Enbridge admits that Line 5 transports approximately 540,000 barrels per day of crude oil or other products.  The remaining allegations contained in Paragraph 69 set forth legal conclusions to which no response is required.  To the extent a response is required, Enbridge denies those allegations.

70.     Enbridge admits that the Straits of Mackinac and its shoreline supports fish and wildlife, and provide opportunities for recreation and aesthetic enjoyment.

71.     Enbridge lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 71, except that Enbridge admits that the

Straits of Mackinac contain currents that can reverse direction which could impact any release of oil into the Straits from a pipeline.

72.     Enbridge lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 72.  To the extent a response is required, Enbridge denies those allegations.

73.     Releases on Enbridge-owned or operated pipelines are a matter of public record.  To the extent that the allegations contained in Paragraph 73 are inconsistent with the public record, Enbridge denies those allegations.

74.     The results of Enbridge's investigation concerning the condition of the coating on the Dual Pipelines' approximate 4.09-mile crossing of the Straits is a matter of public record.  To the extent the allegations contained in Paragraph 74 are inconsistent with public record of the results of Enbridge's investigation concerning the coating on the Dual Pipelines, Enbridge denies those allegations.

75.     The results of Enbridge's investigation concerning the condition of the coating on the Dual Pipelines' approximate 4.09-mile crossing of the Straits is a matter of public record.  To the extent the allegations contained in Paragraph 75 are inconsistent with public record of the results of Enbridge's investigation concerning the coating on the Dual Pipelines, Enbridge denies those allegations.

76.    Enbridge admits that on April 1, 2018, an anchor on a vessel owned by a third-party struck and dented each of the Line 5 Dual Pipelines located at the bottom of the Straits.

77.    Enbridge admits that investigations subsequent to the April 1, 2018 third-party anchor strike revealed that the anchor allided with and dented each of the Dual Pipelines located at the bottom of the Straits.  To the extent a response is required to any remaining allegations in Paragraph 77, the allegations are denied.

78.    The actions taken by Enbridge following the anchor strike are a matter of public record.  To the extent the allegations contained in the first sentence of Paragraph 78 are inconsistent with the publicly-available record of Enbridge's actions following the anchor strike, Enbridge denies those allegations.  Also, the allegations in the first sentence of Paragraph 78 purport to quote a statement by Nick Assendelft, which speaks for itself.  To the extent that the allegations in the first sentence misquote or mischaracterize the statement by Nick Assendelft, Enbridge denies those allegations.  Enbridge denies the allegations contained in the second sentence of Paragraph 78.

*Northern Michigan Area Contingency Plan*

79.    Enbridge admits the allegations in Paragraph 79.

80.    The allegations in Paragraph 80 purport to describe the contents of the NMACP, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the NMACP, the allegations are denied.

81.    The allegations in Paragraph 81 purport to describe the contents of the NMACP, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the NMACP, the allegations are denied.

82.    The allegations in Paragraph 82 purport to describe the contents of the NMACP, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the NMACP, the allegations are denied

83.    Enbridge admits that a discharge from Line 5, including a worst case discharge, may under a given set of circumstances cause environmental and other harms.  Enbridge otherwise lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 83, and thus denies them, except to the extent that Enbridge admits that the Straits and associated shorelines support recreational activities, fish and wildlife and there is public and private property around the Straits.

*Removal of a Worst Case Discharge in the Open Waters of the Great Lakes*

84.    Enbridge lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 84, and thus denies them.

85.     Enbridge lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 85.  To the extent that the allegations contained in Paragraph 85 are inconsistent with the Coast Guard's approval of the NMACP, Enbridge denies those allegations.

86.     The allegations contained in Paragraph 86 purport to paraphrase the Coast Guard's approval of the NMACP and quote the cited federal statute, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the Coast Guard's approval of the NMACP or the cited statute, Enbridge denies those allegations.

87.     The allegations in Paragraph 87 purport to describe the contents of the NMACP, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the NMACP, the allegations are denied.

88.     Enbridge lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 88, and thus denies them.

89.     The testimony of Admiral Paul Zukunft is a matter of public record which speaks for itself.  To the extent Paragraph 89 does not accurately or fully reflect that testimony, Enbridge denies the allegations of Paragraph 89.

90.     The testimony of Admiral Paul Zukunft is a matter of public record which speaks for itself.  To the extent that Paragraph 90 does not accurately reflect that testimony, Enbridge denies the allegations of Paragraph 90.

91.     Enbridge denies the allegations contained in the first sentence of Paragraph 91.  Enbridge admits that oil released from a pipeline may potentially adhere to sediments, but lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 91, and thus denies them.

92.     Paragraph 92 purports to describe a 2013 Coast Guard report.  That report speaks for itself and is the best evidence of its content.  To the extent the allegations in Paragraph 92 are not consistent with the report, Enbridge denies those allegations.

93.     Enbridge lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 93, and thus denies them.

94.     Enbridge lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 94, and thus denies them.

95.     Enbridge admits that high wave conditions can hamper or stall spill response efforts.  Enbridge lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 95, and thus denies them.

96.     Enbridge lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 96, and thus denies them.  Enbridge denies the remaining allegations of Paragraph 96.

97.    Enbridge admits that icy conditions can affect spill response efforts. Enbridge lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 97, and thus denies them.

98.    Enbridge lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 98, and thus denies them.

99.    The allegations contained in the first sentence of Paragraph 99 purport to describe the contents of the NMACP, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the NMACP, Enbridge denies those allegations.  Enbridge lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 99, and thus denies them.

100.   Enbridge lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 100, and thus denies them.

## CLAIMS FOR RELIEF

### Count 1 – Administrative Procedure Act

101.   Paragraph 101 merely re-alleges and reincorporates by reference preceding allegations and requires no response.

102.   The allegations in Paragraph 102 purport to paraphrase and quote the Administrative Procedure Act, which speaks for itself and is the best evidence of

its content.  To the extent the allegations are inconsistent with the Administrative

Procedure Act, the allegations are denied.

103.   The allegations in Paragraph 103 purport to paraphrase and quote the

Administrative Procedure Act, which speaks for itself and is the best evidence of

its content.  To the extent the allegations are inconsistent with the Administrative

Procedure Act, the allegations are denied.

104.   Enbridge denies the allegations contained in Paragraph 104, and

denies any violation of law.

105.   Enbridge denies the allegations contained in Paragraph 105, and

denies any violation of law.

106.   Enbridge denies the allegations contained in Paragraph 106, and

denies any violation of law.

## Count 2 – OPA

107.   Paragraph 107 merely re-alleges and reincorporates by reference

preceding allegations and requires no response.

108.   The allegations in Paragraph 108 purport to paraphrase the cited

federal statutes, which speak for themselves and are the best evidence of their

content.  To the extent the allegations are inconsistent with the cited statutes, the

allegations are denied.

109.   Enbridge denies the allegations contained in Paragraph 109, and denies any violation of law.

110.   Enbridge denies the allegations contained in Paragraph 110, and denies any violation of law.

## PRAYER FOR RELIEF

The remaining Paragraphs of the Plaintiffs' Complaint consist of Plaintiffs' request for relief, which does not require a response.  To the extent a response is required, Enbridge denies that Plaintiff is entitled to any of the relief sought, or any other relief.

## <u>AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert its Claims for Relief.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

To the extent applicable to it, Enbridge incorporates by reference herein each and every affirmative defense asserted, or to be asserted, by the Federal Defendants.

## FOURTH AFFIRMATIVE DEFENSE

Enbridge gives notice that it intends to rely upon such defenses as may arise during the proceedings in this case and hereby reserves the right to amend its answer and defenses accordingly.

WHEREFORE, Intervenor-Defendant Enbridge respectfully requests that this Court deny the relief requested by Plaintiffs, dismiss Plaintiffs' Complaint with prejudice, and grant Enbridge such other relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED this 31st day of October, 2018.

Respectfully submitted,

/s/      David H. Coburn
David H. Coburn (DC #241901)
Joshua Runyan (DC #977664)
**STEPTOE & JOHNSON LLP**
1330 Connecticut Ave., NW
Washington, D.C. 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
dcoburn@steptoe.com
jrunyan@steptoe.com

PHILLIP J. DEROSIER (P55595)
**DICKINSON WRIGHT PLLC**
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226-3425
Telephone: (313) 223-3866
Facsimile: (313) 223-3598
PDEROSIER@dickinsonwright.com

*Attorneys for Enbridge Energy, Limited Partnership*

24