**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| ENVIRONMENTAL LAW & POLICY CENTER  and NATIONAL WILDLIFE FEDERATION, | No. 1:18-cv-12626-TLL-PTM |
| Plaintiffs, | Judge Thomas L. Ludington |
| v. | Magistrate Judge P.T. Morris |
| UNITED STATES COAST GUARD, REAR ADMIRAL JOANNA M. NUNAN, in her official capacity as the Ninth Coast Guard District Commander, | |
| Defendants, | |
| ENBRIDGE ENERGY, LIMITED PARTNERSHIP, | |
| Defendant-Intervenor. | |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO
MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................1

ARGUMENT ......................................................................................3

I.    No Additional Factual Information Corroborates ELPC's Contentions
      Regarding Admiral Zukunft's Senate Testimony in November 2017..........3

   A. There Is No Record of Admiral Zukunft Performing a "Deeper Read" that
      Could Have Been Considered Prior to June 2017.........................................3

   B. Admiral Zukunft's Testimony Did Not Officially Reject the Approval of the
      Area Contingency Plan...................................................................6

II.   The Area Contingency Plan is Regularly Updated, Which Makes
      Supplementation of the Record with Documents that Post-Date the
      Approval Particularly Inappropriate ...........................................7

III.  ELPC's Arguments on the Merits Do Not Support Supplementation of the
      Administrative Record .................................................................8

CONCLUSION ..................................................................................10

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Chem. Mfrs. Ass'n v. Nat. Resources Def. Council, Inc.*,
   470 U.S. 116 (1985) ................................................................................8

*Latin Ams. for Soc. & Econ. Dev. v. Adm'r of the FHWA*,
   756 F.3d 447 (6th Cir. 2014) ..............................................................2, 9

*Little Traverse Lake Prop. Owners Ass'n v. Nat'l Park Serv.*,
   883 F.3d 644 (6th Cir. 2018) ................................................................1

**FEDERAL STATUTES**

Coast Guard Authorization Act of 2015, Pub. L. No. 114-120,
   § 607, 130 Stat 27, 82-83 (2016) ......................................................4, 5

# INTRODUCTION

Plaintiffs Environmental Law and Policy Center and National Wildlife Federation (collectively "ELPC") seek judicial review of the Coast Guard's approval, on June 6, 2017, of the Northern Michigan Area Contingency Plan (the "Area Contingency Plan"). ELPC moved to supplement the administrative record filed by the Coast Guard with the testimony of Admiral Zukunft at a Congressional hearing on November 16, 2017, five months after the Coast Guard's approval of the Area Contingency Plan.

The Court requested supplemental briefing to address two factual and four legal questions. ECF No. 27 at 20-21. The Coast Guard's responses to these questions support its argument that ELPC has not met its burden to demonstrate the rare and exceptional circumstances that would justify supplementation of the record. *Little Traverse Lake Prop. Owners Ass'n v. Nat'l Park Serv.*, 883 F.3d 644, 657 (6th Cir. 2018). In response to the Court's invitation, ELPC offers no additional factual information that corroborates its contention that a "deeper read" of the Area Contingency Plan was conducted by Admiral Zukunft but not considered by the Coast Guard in preparing the Area Contingency Plan approved in June 2017. Moreover, ELPC acknowledges that Admiral Zukunft's November 2017 testimony was not an official rejection of the June 2017 approval.

1

The Coast Guard's responses to the Court's legal questions also support denial of the request to supplement the record. The Area Contingency Plan is a "living" document. The Coast Guard updates its area contingency plans regularly to incorporate new information. In this situation, the legal standard for administrative records – the materials compiled by the agency *at the time its decision was made* – is particularly important. *See Latin Ams. for Soc. & Econ. Dev. v. Adm'r of the FHWA*, 756 F.3d 447, 464-65 (6th Cir. 2014). New information is continually arising regarding response capabilities in the Great Lakes region, but judicial review of the Area Contingency Plan must be limited to the information considered at the time of the approval of a specific plan.

ELPC's supplemental brief essentially asserts that because ELPC believes Admiral Zukunft's November 2017 Senate testimony makes the Coast Guard's earlier approval arbitrary and capricious, the testimony belongs in the record. This is not the standard for supplementation of the administrative record. The Court should deny ELPC's motion to supplement.

## ARGUMENT

I.   **No Additional Factual Information Corroborates ELPC's Contentions Regarding Admiral Zukunft's Senate Testimony in November 2017.**

### A. There Is No Record of Admiral Zukunft Performing a "Deeper Read" that Could Have Been Considered Prior to June 2017.

The Coast Guard explained in its response brief that Admiral Zukunft's November 2017 Senate testimony is not the outcome of a discussion with Senator Peters in April 2015 that addressed area contingency plans for the Great Lakes. ECF No. 25 at 9-10.  In April 2015, Senator Peters and Admiral Zukunft discussed area contingency plans and their adequacy to respond to a major spill.  ECF No. 27 at 12-13.  Admiral Zukunft said he needed to do a "deeper read" and would provide an additional response after reviewing the area contingency plans.  *Id.* at 13.

Admiral Zukunft's testimony in November 2017 is not a "deeper read" on the area contingency plans referenced in April 2015.  In November 2017, neither Senator Peters' question nor Admiral Zukunft's response mentions the April 2015 testimony, the recently approved Area Contingency Plan, or any other Great Lakes plans.  *See* ECF No. 27 at 15-16.  Senator Peters expressly states that the discussion in November 2017 is a follow-up to a discussion in March 2017 regarding concerns and research associated with cleaning up spills in fresh water. *Id.* at 15.  Admiral Zukunft's statement that the Coast Guard is not "Semper

3

Paratus for a major pipeline oil spill in the Greater [sic] Lakes" was made in the

context that "more science needs to be done"  *Id.* at 16.  This Court correctly

observed that the discussion in November 2017 was not focused on the June 2017

approval of the Area Contingency Plan.  ECF No. 27 at 19.

There is no record of Admiral Zukunft personally doing a "deeper read"

after his testimony in April 2015.  However, the Coast Guard – specifically Sector

Sault Sainte Marie – reviewed and revised the Area Contingency Plan after the

April 2015 testimony based, in part, on the Coast Guard's evaluation of new

factual information.  The plan was reviewed and approved by the Commander of

the Ninth Coast Guard District, the official delegated with responsibility to

determine that the Plan met statutory and regulatory requirements, including the

ability to respond to a worst-case discharge.

Separate from Admiral Zukunft's testimony, the Coast Guard conducted an

assessment of the effectiveness of oil spill response activities in the Great Lakes

pursuant to a congressional mandate in the Coast Guard's 2016 Authorization Act.

This legislation provided:

> The Commandant of the Coast Guard, in consultation with the Administrator
> of the National Oceanic and Atmospheric Administration and the head of
> any other agency the Commandant determines appropriate, shall conduct an
> assessment of the effectiveness of oil spill response activities specific to the
> Great Lakes.  Such assessment shall include –
>
> (1) an evaluation of new research into oil spill impacts in fresh water under a
>     wide range of conditions; and

4

    (2) an evaluation of oil spill prevention and clean up contingency plans, in order to improve understanding of oil spill impacts in the Great Lakes and foster innovative improvement to safety technologies and environmental protection systems.

Coast Guard Authorization Act of 2015, Pub. L. No. 114-120, § 607, 130 Stat. 27, 82-83 (2016).  Congress required the Commandant of the Coast Guard to submit a report to Congress on the results of these evaluations.  *Id.*

      This ongoing evaluation by the Coast Guard may have generated new information related to the Area Contingency Plan.  In fact, Senator Peters asked Admiral Zukunft's about one of the research topics during the testimony in November 2017 – oil spill impacts in fresh water under a wide range of conditions. ECF No. 27 at 15-16.  However, the Coast Guard issued its final report in response to the 2016 Authorization Act in November 2018, after the approval of the Area Contingency Plan.[1]  *See* Exhibit A (cover page and table of contents of report). Therefore, the final report, like Admiral Zukunft's November 2017 testimony, and any other relevant materials that post-date the June 6, 2017, approval are not part of the administrative record in this case.

---

[1]    ELPC appears to suggest that the Coast Guard should have considered this ongoing assessment in connection with the Area Contingency Plan approved in 2017, ECF No. 28 at 6, even though the results of this assessment post-date the June 6, 2017, approval.

The Court accurately characterized ELPC's prior arguments for supplementation as "entirely based on inference and conjecture."  ECF No. 27 at 20.  ELPC has not provided any additional corroborating evidence.  Its inferences and conjecture are insufficient to meet its burden to show exceptional circumstances that would justify supplementation of the administrative record.

## B. Admiral Zukunft's Testimony Did Not Officially Reject the Approval of the Area Contingency Plan.

The Area Contingency Plan approved by Rear Admiral June Ryan, Commander of the Ninth Coast Guard District, remains in effect.  As discussed previously, *supra* at 3, Admiral Zukunft's November 2017 testimony does not even mention the Area Contingency Plan.  The administrative record demonstrates that Admiral Zukunft was not involved in the preparation or approval of the Area Contingency Plan.  Neither Rear Admiral Ryan, nor her successor, Rear Admiral Joanna Nunan – the officials with delegated authority to approve the Area Contingency Plan – rescinded or otherwise amended the June 6, 2017, Area Contingency Plan approval.  ELPC acknowledges that the approved Area Contingency Plan is "currently effective."  ECF No. 28 at 7.

## II.     The Area Contingency Plan is Regularly Updated, Which Makes Supplementation of the Record with Documents that Post-Date the Approval Particularly Inappropriate.

The Area Contingency Plan is a living document.  USCG_00000651.  It is updated on a prescribed schedule.  The regular updating of the Area Contingency Plan counsels against judicial review of a plan approval based on post-decision factual materials that are most appropriately considered in the context of a subsequent iteration of the plan.

The Coast Guard's Marine Environmental Response and Preparedness Manual sets forth the nature and frequency of updates to area contingency plans. *See* Exhibit B (excerpts from the Manual).  Area contingency plans must be reviewed annually to determine if any changes are necessary.  *Id.* at 4-12.  These annual updates focus on revisions to contact information, any lessons learned from exercises and incidents, validation of worst case discharge scenarios, and identification of any gaps.  *Id.*  The Coast Guard last updated the Northern Michigan Area Contingency Plan on January 17, 2018.

In addition to the annual updates, the Coast Guard conducts a national review of each area contingency plan every five years.[2]  *Id.* at 4-12, 4-13.  The

---

[2]  This review frequency is based on the current policy in the U.S. Coast Guard Marine Environmental Response and Preparedness Manual (Sept. 2018) (excerpts attached as Exhibit B).  At the time the Area Contingency Plan was approved in June 2017, the August 2016 version of the Manual was the relevant policy document for area contingency plan updates.

five-year review is conducted by a National Review Panel, which seeks to maintain national consistency and a unified response posture among area contingency plans. *Id.* at 4-12. The next comprehensive review of the Northern Michigan Area Contingency Plan should be completed in 2021.

Although neither the Clean Water Act nor the Coast Guard's regulations expressly provide for the re-opening of approvals of area contingency plans based on new information, the Coast Guard agrees with ELPC that the Coast Guard has inherent authority to do so. ECF No. 28 at 7; *see Chem. Mfrs. Ass'n v. Nat. Resources Def. Council, Inc.*, 470 U.S. 116, 125 (1985) (it makes little sense to construe a statute to forbid an agency from amending its standards).

The Court also asked whether Admiral Zukunft's November 2017 Senate testimony would potentially be subject to consideration in conjunction with the next update to the Area Contingency Plan. ECF No. 27 at 21. The Coast Guard will consider Admiral Zukunft's November 2017 Senate testimony when preparing its next annual review. This would be an appropriate time for potential consideration of his testimony, not as part of judicial review of a plan approved five months before he offered his testimony.

### III.   ELPC's Arguments on the Merits Do Not Support Supplementation of the Administrative Record.

ELPC focuses its supplemental brief on the merits of its claims, not the standard for supplementing the record. ELPC repeatedly argues that the Coast

Guard's approval of the Area Contingency Plan was arbitrary and capricious.  *See* ECF No. 28 at 1, 2, 3, 4, 7, and 9.  Essentially, ELPC argues that because, in its view, Admiral Zukunft's testimony renders the Area Contingency Plan arbitrary and capricious, the testimony belongs in the administrative record.  This is not the standard for supplementation.[3]

Supplementation is appropriate only "when an agency deliberately or negligently excluded certain documents" from the record or "when a court needs certain 'background' information to determine whether the agency has considered the relevant factors."  *Latin Ams. for Soc. & Econ. Dev.*, 756 F.3d at 465.  ELPC does not argue that the Coast Guard deliberately or negligently excluded documents.  Instead, ELPC incorrectly asserts that the testimony provides necessary background.

Admiral Zukunft's November 2017 testimony is not background information relating to the April 2015 testimony.  After the testimony in April 2015, the Coast Guard approved a revised Area Contingency Plan in June 2017 based on the determination by Sector Sault Sainte Marie and the Commander of the Ninth Coast Guard District that the Plan met statutory and regulatory requirements.  In contrast,

---

[3]   ELPC makes various arguments based on what ELPC believes the record does not contain or does not support.  *See, e.g.*, ECF No. 28 at 6.  The Coast Guard does not present its arguments in response to those points here, but will do so in briefing the merits of its approval of the Area Contingency Plan.

the testimony in November 2017 did not address the Area Contingency Plan

previously approved.  Admiral Zukunft's testimony does not provide needed

background information.

## CONCLUSION

For the reasons set forth above and in the Coast Guard's prior brief in

opposition to supplementation of the record, ECF No. 25, the Court should deny

ELPC's motion to supplement the administrative record.

> _/s/ Alan D. Greenberg_____
> ALAN D. GREENBERG
> Environmental Defense Section
> U.S. Department of Justice
> Environment & Natural Resources Division
> 999 18th St., Suite 370
> Denver, Colorado  80202
> Telephone: 303-844-1366
> E-mail:  alan.greenberg@usdoj.gov
> Colorado Bar. No. 14110
>
> _Counsel for Federal Defendants U.S. Coast Guard_
> _and Rear Admiral Joanna N. Nunan_

May 15, 2019

**Certificate of Service
and Local Rule Certification**

I hereby certify that, on May 15, 2019, a copy of the foregoing DEFENDANTS'
SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO
SUPPLEMENT THE ADMINISTRATIVE RECORD was electronically
transmitted to the Court using the CM/ECF System and will be served by
electronic mail on the following counsel of record.

Margrethe Kearney                   David Coburn
mkearney@elpc.org                   dcoburn@steptoe.com

Joshua Runyan                       Phillip J.  DeRosier
jrunyan@steptoe.com                 pderosier@dickensonwright.com

**LOCAL RULE CERTIFICATION**: I, Alan D. Greenberg, certify that this
Memorandum complies with Local Rule 5.1(a) and this Court's order, including:
double-spaced (except for quoted materials and footnotes); at least one-inch margins
on the top, sides, and bottom; consecutive page numbering; type size of all text and
footnotes that is no smaller than 14 point (for proportional fonts).

 */s/ Alan D. Greenberg*
Alan D. Greenberg
Attorney for Defendants