UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ENVIRONMENTAL LAW & POLICY
CENTER, and NATIONAL WILDLIFE
FEDERATION
      Plaintiffs,                                    Case No. 18-cv-12626

v.                                             Honorable Thomas L. Ludington
                                                Magistrate Judge Patricia T. Morris

UNITES STATES COAST GUARD,
and REAR ADMIRAL JOANNA M.
NUNAN in her official capacity as
Coast Guard District Commander,

      Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION TO STAY, AND GRANTING IN PART MOTION FOR AN EXTENSION OF TIME**

On February 15, 2019, Plaintiff moved to supplement the administrative record. ECF No. 24. On April 11, 2019, the Court directed supplemental briefing on the motion, and ultimately denied the motion on May 24, 2019. ECF Nos. 27, 31. A full factual and procedural summary can be found in those orders.

On June 20, 2019, Plaintiff filed three motions: 1) motion for certification of an interlocutory appeal of the Court's order denying Plaintiff's motion to supplement the administrative record (which Defendants oppose), 2) motion to stay (which is "unopposed[1]"), and 3) motion to extend time for Plaintiff to file a motion for summary judgment (which is also unopposed).

The first motion indicates that it will be opposed. Accordingly, the Court will await response and reply briefing, and will only address the remaining two motions. The second motion is titled "unopposed motion to stay" and explains that Plaintiff sought concurrence from

---
[1] As will be explained below, it is not entirely clear what exactly Defendant agreed to.

Defendants, who indicated that they will not oppose Plaintiffs' request. However, Plaintiffs' "request" is described in two different ways. First, the motion states that Plaintiffs "respectfully request a stay of the litigation *until this Court determines the outcome of Plaintiffs's request for Certification and Application for an Interlocutory Appeal*." ECF No. 34, PageID.2218 (emphasis added). Later on in the motion, however, Plaintiffs request the Court "to stay the current proceedings *if Plaintiff's Request for Certification of an Interlocutory Appeal is granted*." *Id.*, PageID. 2223 (emphasis). Those are two different requests. The first asks for the proceedings to be stayed immediately, during the period of time that the motion for certification of an interlocutory appeal is pending (which it already is). The second request asks for the Court to grant a stay pending appeal in the event the Court certifies an interlocutory appeal. It is unclear which of these requests Defendants stipulate to, or whether they stipulate to both.[2]

To the extent Plaintiffs are asking the Court for a stay pending the Court's decision on the motion for certification of an interlocutory appeal, the request is denied with prejudice, as the Court finds no cause for delay. To the extent that Plaintiffs are asking the Court to stay proceedings in the event the Court grants certification of an interlocutory appeal, that request is denied without prejudice as premature; Plaintiffs can refile their motion if and when that hypothetical event (certification of an interlocutory appeal) occurs.

Plaintiffs' unopposed request for an extension of their deadline to file a summary judgment motion will be granted in part. Pursuant to the scheduling order, ECF No. 19, Plaintiffs' summary judgment motion is due June 28, 2019 (35 days after the May 24 resolution of the motion to supplement). Plaintiff has been aware of that impending deadline since May 24, but did not seek an extension until June 20, eight days prior to the deadline. Even though the

---

[2] This is why stipulated requests should be submitted via proposed orders submitted through the CM/ECF utilities function for proposed orders. Both parties can then review and sign off on the precise content of the stipulation and proposed order. Such request should not be submitted via "unopposed motions" filed on the docket.

motion is unopposed, the Court has an independent obligation to manage its own docket, which would be undermined if the parties could dictate the case management timeline by strategically timing the filing of their motions. A limited, 3-day extension will be granted until Monday, July 1, 2019.

Accordingly, it is **ORDERED** that the motion to stay (ECF No. 34) is **DENIED.**

It is further **ORDERED** that the motion to extend (ECF No. 35) is **GRANTED** in part, and Plaintiff's motion for summary judgment is due on **Monday, July 1, 2019**.

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: June 25, 2019