UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ENVIRONMENTAL LAW & POLICY
CENTER, and NATIONAL WILDLIFE
FEDERATION
      Plaintiffs,                                   Case No. 18-cv-12626

v.                                                       Honorable Thomas L. Ludington
                                                           Magistrate Judge Patricia T. Morris
UNITES STATES COAST GUARD,
and REAR ADMIRAL JOANNA M.
NUNAN in her official capacity as
Coast Guard District Commander,

      Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR CERTIFICATION OF AN ORDER FOR INTERLOCUTORY APPEAL

On February 15, 2019, Plaintiff moved to supplement the administrative record. ECF No. 24. On April 11, 2019, the Court directed supplemental briefing on the motion, and ultimately denied the motion on May 24, 2019. ECF Nos. 27, 31. A full factual and procedural summary can be found in those orders.

On June 20, 2019, Plaintiff filed three motions: 1) motion for certification of an interlocutory appeal of the Court's order denying Plaintiff's motion to supplement the administrative record, 2) motion to stay, and 3) motion to extend time for Plaintiff to file a motion for summary judgment. On June 25, 2019, the Court entered an order denying the motion to stay and granting the motion for an extension in part. ECF No. 36.

Defendants filed a response in opposition to the motion for certification of a interlocutory appeal. ECF No. 38. Plaintiffs did not reply.

I.

District Courts may approve an interlocutory appeal when (1) the order involves a controlling question of law, (2) there is substantial ground for difference of opinion on the legal question, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

A question of law is controlling when "resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." (quotations omitted). *Newsome v. Young Supply Co.*, 873 F. Supp. 2d at 876 (citing *Baker*, 954 F. 2d 1169, 1172 n. 8 (6th Cir. 1992)). The Sixth Circuit has "set a low bar for a determination that a question of law is 'controlling' in the context of a motion for certification under § 1292(b)." *Id.* at 875–76.

Substantial ground for a difference of opinion on the issues exists when: "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *Newsome v. Young Supply Co.*, 873 F. Supp. 2d at 876–77 (citations omitted).

An interlocutory appeal materially advances the litigation "when it 'save[s] judicial resources and litigant expense" . . . and "is closely tied to the requirement that the order involve a controlling question of law." *West Tenn.*, 138 F. Supp. 2d at 1026; *Newsome v. Young Supply Co.*, 873 F. Supp. 2d at 877 (citations omitted).

II.

Because there is no substantial ground for difference of opinion regarding the Court's order, the motion will be denied. Plaintiff argues that this is a case of first impression. To the

contrary, it is well established that the administrative record cannot be supplemented with information that was not before the agency when it made its decision because that information could not have been considered in reaching the decision. *Little Traverse Lake Prop. Owners Ass'n v. Nat'l Park Serv.*, 883 F.3d 644, 652, 657-58 (6th Cir. 2018). Thus, Plaintiffs' argument was a reach from the outset. Rather than denying the motion outright on that basis (particularly in light of Plaintiff's terse, 4-page analysis), the Court issued a 22-page opinion discussing contextual information including: 1) the Oil Pollution Act's history, purpose, and interpretation; 2) the required content of Area Contingency Plans generally; 3) the specific Northern Michigan Area Contingency Plan applicable here and the Coast Guard's approval thereof; 4) the November 2017 senate testimony Plaintiff seeks to add to the administrative record in which Admiral Zukunft testified that the Coast Guard was not "semper paratus" for a major pipeline spill in the great lakes; and 5) the previous senate testimony from two years earlier to which the November 2017 testimony allegedly relates.

Based on all of the information summarized in the Court's order, it strongly appeared that the Admiral's November 2017 testimony was being taken out of context and did not relate to the prior testimony. Nevertheless, Plaintiffs were given an opportunity to provide additional factual information to corroborate their contention that:

- Admiral Zukunft or the Coast Guard did in fact do a "deeper read" after the Admiral's April 2015 testimony that was not considered in conjunction with the preparation of the NMACP approved in June of 2017.
- Admiral Zukunft's November 2017 testimony was the Coast Guard's official rejection of the NMACP approved some four months earlier by the Coast Guard.

Plaintiffs did not provide additional factual information, but simply reasserted the same arguments made in their initial motion.

The Court also directed the parties to the following questions:

• Has the Coast Guard established an updated cycle?

• If so, when is the next scheduled update?

• Is there legal authority to reopen a certified plan based on later research or factual events?

• Would the November 2017 Senate testimony of Adm. Zukunft potentially be subject to consideration in conjunction with the next update to the NMACP?

Defendants responded that ACPs are reviewed annually to determine if any changes are necessary. See Def. Supp. Br. Ex. B at 4-12 (Excerpts from Coast Guard's Marine Environmental Response and Preparedness Manual). Defendants also noted that the Coast Guard last updated the NMACP on January 17, 2018. Additionally, the Coast Guard conducts a national review of ACPs every five years and the next scheduled review should be completed in 2021. Defendants noted that, although there is no applicable law or regulation requiring the re-opening of ACP approval proceedings based on new information, the Coast Guard has the inherent authority to do so. The Coast Guard has expressed its intention to consider Adm. Zukunft's testimony when preparing its next annual review.

Plaintiffs devoted little attention to addressing these issues, largely arguing that the update schedule is irrelevant. The Court explained that the fact that Plaintiffs have not identified any meritorious basis for the consideration of a document that post-dates the approval decision in question is a sufficient reason to deny Plaintiffs' motion. The fact that the November 2017

testimony is potentially subject to consideration in conjunction with a statutorily mandated update to the NMACP further bolsters that conclusion.

In short, although Plaintiffs' initial motion identified no basis to stray from the clear rule against supplementation of the administrative record with documents post-dating the decision, the Court allowed Plaintiffs an opportunity to brief the issue more thoroughly and the Court provided extensive background research and factual discussion to help guide the inquiry. Plaintiffs' supplemental briefing largely disregarded the questions raised by the Court and reasserted the same arguments already presented, all of which were directly foreclosed by the clear precedent on supplementation of the administrative record. The supplemental briefing only confirmed that there is no substantial ground for difference of opinion, that there is no factual or legal uncertainty to be explored, and that Plaintiffs' cause would not be advanced by certification of an interlocutory appeal.

**III**.

Accordingly, it is **ORDERED** that Plaintiffs' motion for certification of an interlocutory appeal, ECF No. 33, is **DENIED**.

> s/Thomas L. Ludington
> THOMAS L. LUDINGTON
> United States District Judge

Dated: July 19, 2019